# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:17-CR-50 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| ADAM D. BOYLEN, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On September 5, 2017, defendant Adam Boylen ("Boylen") was sentenced to an aggregate term of 42 months of imprisonment on multiple counts of violating the Clean Water Act, 33 U.S.C. § 1251, *et seq*. (Doc. No. 26 (Judgment); Doc. No. 27 (Amended Judgment) (9-12-17).) On September 15, 2017, Boylen filed a notice of appeal to the Sixth Circuit Court of Appeals. (Doc. No. 28 (Notice).) Boylen's direct appeal remains pending in the Sixth Circuit.

Presently before the Court is a document filed by Boylen styled "Motion for Leave of Judicial Notice." (Doc. No. 34.) In this filing, Boylen claims that the "Clean Water Act h[as] no application to the facts of this case[.]" (*Id*. at 241.) He seeks an order from this Court "requiring the indictment in this matter [to] be quashed and [his] immediate discharge and release[.]" (*Id*. at 242.) Because Boylen is challenging the legality of his conviction, his filing is most appropriately characterized as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) ("Section 2255

is the primary avenue for relief for federal prisoners protesting the legality of their sentence . . . .").

Because Boylen's direct appeal is not final, the rule announced in *Capaldi v. Pontesso*, 135 F.3d 1122 (6th Cir. 1998) applies, and the Court must deny the motion without prejudice. In *Capaldi*, the Sixth Circuit held that "in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal." *Id*. at 1124 (collecting cases). "An application under § 2255 is an extraordinary remedy and should not be considered a substitute for direct appeal. Moreover, determination of the district appeal may render collateral attack by way of a § 2255 application unnecessary." *Id*. (citation omitted); *see also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 5, Adv. Comm. Notes (advising that while "there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal[,] . . . the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances") (quoting *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968)); *Joy v. United States*, No. 16-6494, 2017 WL 4513119, at *2 (6th Cir. Mar. 20, 2017) (The "*Capaldi* rule is not jurisdictional, but rather was adopted by this and other courts to promote judicial economy and the orderly administration of justice") (citations omitted). "Whether extraordinary circumstances exist is a question the answer to which depends upon the balancing of the need for speedy relief against the need for conservation of judicial resources." *United States v. Davis*, 604 F.2d 474, 485 (7th Cir. 1979).

Boylen has failed to argue the existence of extraordinary circumstances that would warrant consideration of his § 2255 motion during the pendency of his direct appeal, and the

2

Court can find none. Accordingly, the Court shall dismiss the present motion without prejudice. *See, e.g., United States v. Pierce*, No. 5:14-056-DCR-1, 5:16-035-DCR, 2016 WL 782393, at *2 (E.D. Ky. Feb. 29, 2016) (relying on *Capaldi* and dismissing without prejudice a § 2255 motion filed during the pendency of defendant's direct appeal).

Further, Boylen may not appeal this Court's decision without the issuance of a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). Because the Court finds that no reasonable jurists would find its conclusion that Boylen's § 2255 motion should not be addressed during the pendency of his direct appeal debatable, a certificate of appealability will be denied.

For all the foregoing reasons, Boylen's motion (Doc. No. 34) is DENIED WITHOUT PREJUDICE. Further, the Court finds, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: April 30, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**