UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ADAM D. BOYLEN, | ) | CASE NO. 1:17CR50 |
| | ) | 1:18CV1236 |
| | ) | |
| PETITIONER | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the *pro se* motion of petitioner Adam Boylen ("Boylen") to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 38 ["Mot."].) Respondent United States of America (the "government") opposes the motion. (Doc. No. 44 ["Res."].) For the reasons that follow, Boylen's motion is DENIED.

## I. BACKGROUND

On February 7, 2017, the government filed a four-count indictment against Boylen charging him with discharging a pollutant from a point source into United States waters without a permit, in violation of the Clean Water Act ("CWA"), 33 U.S.C. § 1319(c)(2)(A). (Doc. No. 1 (Indictment).) According to the indictment, Boylen was a truck driver employed by an Ohio-based trucking company and was assigned the task of transporting industrial facility wastewater to a designated facility in Pennsylvania for proper disposal. Instead of driving the wastewater to Pennsylvania, it was alleged that on several occasions between April 18, 2016 and May 4, 2016 Boylen illegally dumped the wastewater into waters of the United States located in Central Ohio.

(*Id*. ¶¶ 13-19.)

On May 18, 2017, Boylen pled guilty, with the benefit of a plea agreement, to the charges in the indictment. (Minutes 5-18-17; Doc. No. 19 (Plea Agreement).) The plea agreement contained a broad waiver provision restricting Boylen's appellate rights including his right to take a direct appeal and a collateral attack of his sentence. With respect to the later, the waiver provision generally precluded the filing of a "proceeding under 28 U.S.C. § 2255." (*Id*. ¶ 20.) Carved out of the waiver was the right to appeal: "(a) any punishment in excess of the statutory maximum; or (b) any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines[.]" (*Id*.) The waiver further provided that "[n]othing in the [waiver] shall act as a bar to [Boylen] perfecting any legal remedies [Boylen] may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct." (*Id*.)

Boylen was sentenced on September 5, 2017. After applying a three-level reduction under the Sentencing Guidelines for acceptance of responsibility and calculating the appropriate sentencing range, the Court sentenced Boylen to a low-end guidelines sentence of 42 months imprisonment.[1] (Doc. No. 26 (Judgment).) The Court also waived the fine but imposed restitution and a $400 special assessment. (*Id*.)

Boylen took a timely appeal from the Court's judgment. In a decision dated June 15, 2018, the Sixth Circuit dismissed the appeal as barred by the waiver provision in Boylen's plea agreement. (Doc. No. 42 (Order).) In so ruling, the Sixth Circuit examined the plea colloquy and

---

[1] The Plea Agreement provided that the parties agreed to recommend a sentence within the range set forth in the advisory Sentencing Guidelines and would not request a departure or a variance from the guidelines. (Plea Agreement ¶ 12.) The agreement further provided that the government would recommend a sentence of imprisonment at the low end of the guidelines range. (*Id*. ¶ 17.)

determined that the Court complied with the requirements of Fed. R. Crim. P. 11(b)(1)(N), ensuring that Boylen's plea and waiver was voluntary and knowing. (*Id*. at 292-93.)

In his § 2255 motion, Boylen raises several issues relating to the constitutionality of the CWA and his convictions thereunder. Specifically, Boylen claims that: (1) the CWA has no application to the facts of the case; (2) that he is not a "person" under the CWA; (3) that the CWA violates the principles of federalism; (4) that the CWA fails to provide fair notice; and (5) that a strict interpretation should be applied to the CWA under which he could not have been convicted. (Mot. at 264.) He also maintains that he was denied the effective assistance of counsel. (*Id*.) The government insists that the first five grounds for relief are barred by the waiver provision in the plea agreement, and that the record does not support Boylen's ineffective assistance of counsel claim.

## II. STANDARD OF REVIEW

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

A petitioner who entered a guilty plea must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113

S. Ct. 1710, 123 L. Ed. 2d 353 (2003)). A court may only grant relief under § 2255 if the petitioner demonstrates "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* at 736 (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)). A petitioner further bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. Vague and conclusory claims which are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant relief. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

When a defendant challenges the validity of a plea, the representations of the defendant, his lawyer, the prosecutor, and the judge "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). Such "[s]olemn declarations in open court carry a strong presumption of verity." *Id*. Subsequently-presented conclusory allegations that fly in the face of the record are subject to summary dismissal. *Id*.

A court should hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). Thus, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Napier v. United States*, No. 93-5412,

4

1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255.") (citing, among authorities, *Machibroda v. United States*, 368 U.S. 487, 496, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962)); *cf. Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (finding that the burden is met where the petitioner "offers more than a mere assertion . . . he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'"). Where (as here) the judge considering the § 2255 motion also presided over the sentencing hearing, the judge may rely on his or her recollections of those proceedings. *See Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

The Court finds that an evidentiary hearing is not warranted in the present case. The allegations offered in support of the present motion are either contradicted by the record, conclusively waived, or amount to vague conclusions that fail to demonstrate that Boylen is entitled to relief from his judgment.

### III. DISCUSSION

**A. Boylen's Constitutional Challenges to the Clean Water Act are Waived**

The government argues that Boylen is procedurally barred from pursuing his first five grounds for relief, challenging the constitutionality of the CWA as applied to him, because "he voluntarily forfeited this right pursuant to his plea agreement." (Opp'n at 315, citing Plea Agreement.) The Sixth Circuit has consistently held that plea agreement waivers of the right to appeal, including the right to bring motions under 28 U.S.C. § 2255, are generally enforceable. *See Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018); *Cox v. United States*, 695 F. App'x 851, 853 (6th Cir. 2017); *United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017). As

long as the appeal waiver agreement is made knowingly and voluntarily, courts will enforce the waiver. *See Morrison*, 852 F.3d at 490; *United States v. Fleming*, 239 F.3d 761, 764 (6th Cir. 2001); *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001).

Here, the record from the change of plea hearing is clear that the Court ensured that Boylen fully understood the terms of the waiver provision, including the rights he was forfeiting by agreeing to it, and that he voluntarily entered into it. As the Sixth Circuit determined when it dismissed Boylen's direct appeal, "a review of the colloquy at the plea hearing shows the district court adhered to Rule 11, which requires the court to place the defendant under oath, address him in open court, and inform him of the terms of his appellate-waiver prior to accepting his plea of guilty." (Order at 293, citing Fed. R. Crim. P. 11(b)(1)(N).) After placing Boylen under oath, the Court reviewed with him the plea agreement and the rights he was giving up by entering a guilty plea, and he indicated that he understood those rights and that it was his intention to change his plea to guilty. (Doc. No. 33 (Transcript of Change of Plea Hearing ["TR"]) at 208-2013.)

The Court then proceeded to go through the plea agreement, paragraph by paragraph, to ensure that Boylen understood it. With respect to the waiver provision contained in ¶ 20, the Court reviewed that provision with Boylen and asked whether he understood it, to which he replied that he did. (*Id.* at 226-27.) The Court also inquired as to whether anyone had made any assurances, promises, or representations to him that were not contained in the plea agreement, to which he replied "No," and further asked him whether he had been coerced or forced to change his plea, to which he, again, replied "No."[2] (*Id.* at 233-34.) Finally, the Court asked if his plea

---

[2] Given the strong presumption of verity afforded these solemn declarations in open court, *see Blackledge*, 431 U.S. at 74, Boylen's conclusory allegations that the government's attorney and his own trial counsel visited him at his preliminary detention facility and "coerced" him into pleading guilty (*see* Mot. at 266) ring hollow.

6

was given freely and voluntarily and if it was being tendered because he was guilty of the charged offenses, and Boylen responded affirmatively.³ (*Id.* at 234; *see also id.* [Court: "And are you certain that you still wish to enter a plea of guilty in this case?"; Boylen: "Yes, Your Honor."].)

Based on the foregoing, it is evident that Boylen entered a voluntary and knowing guilty plea, after having been afforded sufficient time in which to consult with counsel, and fully cognizant of the rights he was waiving by changing his plea to guilty. (*See* TR at 208, 227-28, 232.) Because Boylen tendered a knowing and voluntary guilty plea, the waiver provision in the plea agreement is enforceable, and the first five grounds for relief, therefore, are waived.

**B. Boylen was not Denied Effective Assistance of Counsel**

Boylen grounds his final claim in the Sixth Amendment right to effective assistance of counsel. To make out a claim of ineffective assistance, a prisoner must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment, and that counsel's errors were so serious as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *United States v. Hanley*, 906 F.2d 1116, 1120-21 (6th Cir. 1990); *Flippins v. United States*, 808 F.2d 16, 18 (6th Cir. 1987). To prevail on a claim of ineffectiveness, a prisoner must prove: (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Strickland*, 466 U.S. at 687-88; *see also Williams v. Taylor*, 529 U.S. 362, 390-91, 120

---

³ Boylen stated on the record that he agreed with the factual basis set forth in the plea agreement, that it was accurate, that he engaged in the conduct described in the agreement, that he did so knowingly and voluntarily, that the government would be able to prove the stated facts at trial, and that there was no statement in the recitation of the facts to which he disagreed. (TR at 230-31; *see* Plea Agreement ¶¶ 22-23.)

S. Ct. 1495, 146 L. Ed. 2d 389 (2000).

A criminal defendant is entitled to effective assistance of counsel during the plea and sentencing process. *See Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). In the context of a guilty plea, an attorney provides ineffective assistance by performing outside "the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970). While Boylen does not have to demonstrate that he would have prevailed at trial, a petitioner alleging ineffective assistance of counsel in connection with his guilty plea must establish both deficient performance and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (quotation marks and citations omitted); *see Griffin v. United States*, 330 F.3d 733, 737 n.1 (6th Cir. 2003).

"Judicial scrutiny of counsel's performance must be highly deferential[.]" *Strickland*, 466 U.S. at 689. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id*. Counsel's performance must be evaluated from the perspective existing at the time of the representation, not from the perspective of hindsight. *Id*.

Immediately prior to accepting his guilty plea, the Court inquired as to whether Boylen was "fully satisfied with the legal services and advice provided to [him] by [his] attorney[?]" Boylen responded in the affirmative. (TR at 232.) Boylen also signed the plea agreement and initialed each page including the page providing that he was "satisfied with the legal services and advice provided to me by my attorney." (Plea Agreement ¶ 27.) Notwithstanding these

representations, Boylen now claims that his trial counsel rendered ineffective assistance because he failed to raise the legal arguments identified in his first five grounds for relief. (Mot. at 264 ["Movant was denied the effective assistance of counsel under the Sixth Amendment by counsel failing to raise theses issues during his criminal case . . . and caused Movant to enter an unknowing, unintelligent, and involuntary guilty plea."].) In essence, he has repackaged his first five grounds for relief into an ineffective assistance of counsel claim, presumably to avoid the appellate waiver.

Even if such an approach is permissible under § 2255, the Court finds that Boylen cannot establish either prong of the *Strickland* standard. A criminal defendant does not have a constitutional right to demand that his counsel raise every possible issue. *See Lee v. Hass*, 197 F. Supp. 3d 960, 973 (E.D. Mich. 2016) (citing *Jones v. Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983)). A failure to raise a claim will not amount to ineffectiveness so long as counsel "exercise[d] reasonable professional judgment." *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003). In fact, is well settled that counsel cannot be ineffective for refusing to raise baseless arguments. *See Hoffner v. Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010) (finding that counsel was not constitutionally ineffective for not pursuing meritless claims); *Krist v. Foltz*, 804 F.2d 944, 946-47 (6th Cir. 1986) (noting that "[a]n attorney is not required to present a baseless defense or to create one that does not exist"); *see also Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001) (holding that counsel "cannot be ineffective for a failure to raise an issue that lacks merit").

Boylen's proposed constitutional challenges are all entirely without merit, and his counsel cannot have been considered ineffective for failing to pursue them on his client's behalf.

While Boylen suggests that the application of the CWA to him constitutes a violation of the Commerce Clause, "'[i]t has long been settled that Congress has extensive authority over this Nation's waters under the Commerce Clause.'" *United States v. Hubenka*, 438 F.3d 1026, 1032 (10th Cir. 2006) (quoting *Kaiser Aetna v. United States*, 444 U.S. 164, 173, 100 S. Ct. 383, 62 L. Ed. 2d 332 (1979)). "This includes 'the power to regulate waters to limit pollution, prevent obstructions to navigation, reduce flooding, and control watershed development.'" *United States v. Vierstra*, 803 F. Supp. 2d 1166, 1174 (D. Ida. 2011) (quoting *Hubenka*, 438 F.3d at 1032). Given the "breadth of congressional concern for protection of water quality[,]" *United States v. Riverside Bayview Homes, Inc.*, 474 U.S. 121, 133, 106 S. Ct. 455, 88 L. Ed. 2d 419 (1985), it is not surprising that courts have consistently rejected arguments that the application of the CWA to instances of polluting U.S. waters violates the Commerce Clause. *See, e.g., United States v. Pozsgai*, 999 F.2d 719, 733 (3d Cir. 1993) (collecting cases and noting that "[s]everal other Courts of Appeals have upheld [the CWA] against constitutional attack on the ground that congressional regulation of water pollution is permissible under the Commerce Clause"); *Vierstra*, 803 F. Supp. 2d at 1174-75 (rejecting challenge to the CWA under the Commerce Clause).

Boylen also insists that he is not a "person", as that term is used in the CWA. The CWA provides that the term "person" "means an *individual*, corporation, partnership, association, State, municipality, commission, or political subdivision of a State, or any interstate body." 33 U.S.C. § 1362(5) (emphasis added). Applying the maxim of *noscitur a sociis*—it is known from its associates—Boylen observes that many of the words used to describe the "person" who may be prosecuted under the CWA refer to corporations and other artificial entities. From there he

concludes that the term "individual" can only refer to a corporation. However, when the text of a statute contains an undefined term, that term receives its ordinary and natural meaning. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 476, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994); *United States v. Moses*, 137 F.3d 894, 899 (6th Cir. 1998). As the Supreme Court has recognized, the term "individual" ordinarily means a "human being, a person." *Mohamad v. Palestinian Auth.*, 566 U.S. 449, 132 S. Ct. 1702, 182 L. Ed. 2d 720 (2012) (noting that the term "individual" is used in everyday parlance as denoting a human being, and that the Court, itself, "routinely uses 'individual' to denote a natural person, and in particular to distinguish between a natural person and a corporation") (citing, among authority, the *Oxford English Dictionary* 880 (2d ed. 1989)). Consistent with this interpretation of the term "individual," courts have routinely affirmed the prosecution of natural persons under the CWA.[4] *See, e.g., United States v. Long*, 450 F. App'x 457, 458 (6th Cir. 2011) (affirming conviction of individual found guilty of unlawfully discharging wastewater into Detroit sewer system); *Hubenka*, 438 F.3d at 1036 (individual conviction under CWA affirmed); *United States v. Curtis*, 988 F.2d 946, 948 (9th Cir. 1993) (finding that naval officer was a "person" subject to prosecution for discharging pollutants into surface waters).

---

[4] Boylen's due process argument is also without merit. Boylen challenges certain terms, such as "discharge" and "pollutant," suggesting that the language of the CWA is so vague that it fails to provide sufficient notice to potential violators. In support, he cites the decision in *Rapanos v. United States*, 547 U.S. 715, 126 S. Ct. 2208, 165 L. Ed. 2d 159 (2006), wherein the Court addressed whether particular wetlands involving intermittent streams constituted waters of the United States. While the Court issued a severely fractured decision, the majority and dissent agreed that "navigable waters" included, as at issue in this case, relatively permanent flowing bodies of water. *Id.* at 739; *see United States v. Lucas*, 516 F.3d 316 (5th Cir. 2008); *see also Huntress v. United States*, No. 18-CV-2974, 2019 WL 1434572, at *5 (S.D.N.Y. Mar. 29, 2019) (rejecting argument that, following *Rapanos*, the EPA's enforcement of the CWA was a categorically unconstitutional exercise of authority). Further, the terms to which Boylen takes issue—discharge and pollutant—are sufficiently defined in the body of the statute, alleviating any concern that the statute fails to give fair notice to potential violators. *See, e.g., United States v. Lippold*, No. 06-30002, 2007 WL 3232483, at *7-8 (C.D. Ill. Oct. 31, 2007) (collecting cases and finding that the CWA was not unconstitutionally vague regarding the meaning of "pollutant").

Because none of his constitutional arguments has merit, Boylen's trial counsel was not ineffective for failing to pursue them.[5] *See Burton v. Renico*, 391 F.3d 764, 774 (6th Cir. 2005) (the required showing of prejudice for an ineffective assistance of counsel claim cannot be made if the unasserted argument lacks merit).

**IV. CONCLUSION**

For all of the foregoing reasons, Boylen's motion to vacate, set aside, or correct his sentence (Doc. No. 38) is DENIED and this case is DISMISSED. Further, the Court CERTIFIES that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: June 7, 2019

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**

---

[5] To the extent that Boylen argues that his appellate counsel was also ineffective for failing to raise these baseless claims, the argument fails for the same reasons. *See Smith v. Murray*, 477 U.S. 527, 536, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986) ("[W]innowing out weaker arguments on appeal and focusing on those most likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." (quotation marks and citation omitted).